**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| JOHN DOE,<br><br>Petitioner,<br><br>v.<br><br>THE SECURITIES AND EXCHANGE COMMISSION,<br><br>Respondent. | Case No. 26-1300<br><br>**Petition for Review** |

**<u>Petition For Review</u>**

Pursuant to Section 21F(f) of the Securities Exchange Act of 1934 (15 U.S.C. § 78u-6(f)), SEC Rule 21F-13 (17 C.F.R. § 240.21F-13), and Fed. R. App. P. 15, Petitioner John Doe, identified as "Claimant 2" ("Petitioner"), a person aggrieved by the final order of the Securities and Exchange Commission (the "Commission") entered on September 29, 2026, in Administrative Proceeding File No. 2026-53 of the Commission (Notice of Covered Action No. 2025-072, *In the Matter of Tai Mo Shan Limited*), petitions this Court to review that final order.

Dated: October 26, 2026

Respectfully submitted,

*/s/ Todd E. Phillips*

Todd E. Phillips (D.C. Bar #54340)
Alec G. Schwartz (D.C. Bar # 65716)
CAPLIN & DRYSDALE, CHARTERED
1200 New Hampshire Ave. NW, 8th Floor
Washington, D.C. 20036
Telephone: (202) 862-5000
tphillips@capdale.com
aschwartz@capdale.com

Rachel L. Fiset (*pro hac vice forthcoming*)
William M. Odom (*pro hac vice forthcoming*)
RFZ LAW LLP
315 W. 9th Street, Suite 1200
Los Angeles, CA 90015
Telephone: (213) 266-5170
rachel.fiset@rfzllp.com
william.odom@rfzllp.com

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 26th day of October, 2026, the foregoing Petition for Review was served on the following interested parties by first class U.S. mail:

Office of the General Counsel
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549

Jonathan Carr, Esq.
Chief Office of the Whistleblower
Securities and Exchange Commission
100 F Street NE, Mail Stop 5628
Washington, DC 20549

Dated: October 26, 2026

Respectfully submitted,

*/s/ Todd E. Phillips*

Todd E. Phillips (D.C. Bar #54340)
Alec G. Schwartz (D.C. Bar # 65716)
CAPLIN & DRYSDALE, CHARTERED
1200 New Hampshire Ave. NW, 8th Floor
Washington, D.C. 20036
Telephone: (202) 862-5000
tphillips@capdale.com
aschwartz@capdale.com

Rachel L. Fiset (*pro hac vice forthcoming*)
William M. Odom (*pro hac vice forthcoming*)
RFZ LAW LLP
315 W. 9th Street, Suite 1200
Los Angeles, CA 90015
Telephone: (213) 266-5170
rachel.fiset@rfzllp.com
william.odom@rfzllp.com

*Attorneys for Petitioner*

## ADDENDUM 1

The petitioner's real name is [redacted]. In accordance with Circuit Rule 28(a)(1)(A), the Securities and Exchange Commission is also a party to this proceeding. No other parties are currently before this court.

# EXHIBIT 1

**PUBLIC EXHIBIT--Sealed Material in Separate Supplement**

**Public Exhibit--Sealed Material in Separate Supplement**

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No. 106535 / September 29, 2026

WHISTLEBLOWER AWARD PROCEEDING
File No. 2026-53

---

In the Matter of the Claims for an Award

in connection with

*In the Matter of Tai Mo Shan Limited*,

File No. 3-22382 (December 20, 2024)

Notice of Covered Action 2025-072

---

## ORDER DETERMINING WHISTLEBLOWER AWARD CLAIMS

The Claims Review Staff ("CRS") issued a Preliminary Determination recommending that [redacted] ("Claimant 1") receive a whistleblower award of [redacted] percent ([redacted]%) of the monetary sanctions collected in the above-referenced Covered Action (the "Covered Action"). Claimant 1 informed the Office of the Whistleblower ("OWB") that he/she does not contest the Preliminary Determination. OWB also issued a Preliminary Summary Disposition to [redacted] ("Claimant 2") denying his/her claim for an award.[1] Claimant 2 timely contested the Preliminary Summary Disposition.

Based upon our review of the record before us, we award Claimant 1 [redacted] percent ([redacted]%) of the monetary sanctions collected in the Covered Action, equal to a payment of over $12,000,000, and deny the award claim of Claimant 2. Our decision as to Claimant 1 departs from the award amount that the CRS recommended in its Preliminary Determination.

---

[1] The Preliminary Summary Disposition of OWB also recommended denying awards to two additional claimants ("Claimant 3" and "Claimant 4"), who did not contest the Preliminary Summary Disposition. Accordingly, the Preliminary Summary Disposition has become the Final Order of the Commission with respect to Claimants 3 and 4 pursuant to Exchange Act Rule 21F-10(f), 17 C.F.R. § 240.21F-10(f).

## I. Background

### A. The Covered Action

The Commission instituted the Covered Action on December 20, 2024, finding that Tai Mo Shan Limited ("Respondent") participated in an unregistered securities offering and negligently engaged in a course of conduct that misled investors about the efficacy of an arbitrage mechanism used to peg the value of a crypto asset, UST, to the U.S. Dollar. Specifically, the Commission found that in May 2021, in exchange for an agreement by Terraform Labs PTE (the "Other Company") to fully vest a significant amount of another crypto asset, LUNA, that the Other Company owed to Respondent, Respondent agreed to purchase large sums of UST to prop up its price. The Commission found that Respondent should have known that its purchase of UST would mislead the investing public to believe that the Other Company's arbitrage mechanism succeeded in restoring UST's peg to the U.S. Dollar, when, in reality, it was Respondent's actions that propped up UST's price.

The Commission simultaneously accepted Respondent's settlement offer, pursuant to which it agreed to pay $73,452,756 in disgorgement, $12,916,153 in prejudgment interest, and a $36,726,378 civil penalty, as well as to cease and desist from violations of the registration and antifraud provisions it had violated. Respondent has since paid the entire $123,095,287 to the Commission.

### B. The Preliminary Determination

The CRS issued a Preliminary Determination recommending that Claimant 1 receive a whistleblower award in the amount of [redacted] percent ([redacted]%). The CRS preliminarily determined that although Claimant 1's information contributed to staff's decision to open the investigation that resulted in the Covered Action (the "Covered Action Investigation") and Claimant 1 provided ongoing assistance to staff, Claimant 1's award should be reduced due to a [redacted] delay in reporting, which the CRS determined was unreasonable. Claimant 1 did not contest the Preliminary Determination.

### C. The Preliminary Summary Disposition

OWB issued a Preliminary Summary Disposition recommending that Claimant 2's claim for award be denied. OWB concluded that Claimant 2's information did not lead to the successful enforcement of the Covered Action under Section 21F(b)(1) of the Securities Exchange Action of 1934 (the "Exchange Act") and Rules 21F-3(a)(2) and (3) and 21F-4(c) because Claimant 2's information did not (1) cause the Commission to (a) commence an examination, open or reopen an investigation, or inquire into different conduct as part of a current Commission examination or investigation, and (b) thereafter bring an action based, in whole or in part, on conduct that was the subject of Claimant 2's information; or (2) significantly

contribute to the success of the Covered Action. As the Preliminary Summary Determination found, staff opened the Covered Action Investigation based on information obtained from sources other than Claimant 2, staff on the Covered Action Investigation never received or reviewed Claimant 2's information or communicated with Claimant 2 during the course of the Covered Action Investigation, and Claimant 2's information was not used in the Covered Action.

### D. Claimant 2's Response to the Preliminary Summary Disposition

Claimant 2 submitted a timely response to the Preliminary Summary Disposition. Claimant 2 principally argues that he/she exposed a fraud that was central to both the Covered Action and to an action the Commission brought against the Other Company (the "Other Action"), Respondent concealed the specific fraud that Claimant 2 reported, the Covered Action necessarily relied on facts established in the Other Action, Respondent's misconduct depended on showing first the fraud that Claimant 2 reported, Claimant 2 provided proof in support of the Other Action that would have been impossible to otherwise obtain, and Respondent's fraud directly interacted with the blockchain fraud Claimant 2 exposed.

## II. Analysis

### A. Claimant 1

The record demonstrates that Claimant 1 voluntarily provided original information to the Commission that led to the successful enforcement of the Covered Action.[2] Accordingly, Claimant 1 is eligible for a whistleblower award.

In determining the amount of award to recommend, we considered the following factors set forth in Rule 21F-6 of the Exchange Act as they apply to Claimant 1: (1) the significance of information provided to the Commission; (2) the assistance provided in the Commission action; (3) law enforcement interest in deterring violations by granting awards; (4) participation in internal compliance systems; (5) culpability; (6) unreasonable reporting delay; and (7) interference with internal compliance and reporting systems.

Applying these factors here, we positively assess that (1) Claimant 1 submitted information that contributed to staff's decision to open the Covered Action Investigation and helped alert the staff to a large-scale fraud; (2) Claimant 1 provided ongoing cooperation and assistance to Commission staff during the Covered Action Investigation, including participating in a thorough interview, engaging in ongoing communications with staff during the investigation, and identifying other witnesses; (3) the law enforcement interest is high given that Claimant 1's information exposed a large-scale fraud that resulted in billions of dollars of losses to retail

---

[2] *See* Exchange Act Section 21F(b)(1), 15 U.S.C. § 78u-6(b)(1); Exchange Act Rule 21F-3(a), 17 C.F.R. § 240.21F-3(a).

investors; and (4) the findings in the Covered Action were based in part on conduct that was the subject of Claimant 1's information.

However, Claimant 1 did not submit information to the Commission until [redacted] after he/she became aware of the misconduct. Although Claimant asserts in his/her claim for award that he/she did not appreciate the *severity* of the misconduct at the time he/she became aware of it, Claimant 1 did not assert that he/she was unaware that the conduct was violative at the time it occurred.

Moreover, significant investor harm—billions of dollars in investor losses—and additional net profits to Respondent (resulting in greater disgorgement) accrued during the period of delay. Pursuant to an arrangement between Respondent and the Other Company, in exchange for Respondent's purchase of UST, Respondent would receive monthly installments of unlocked LUNA from the Other Company. These monthly installments began in September 2021, [redacted] after Claimant 1 became aware of the relevant facts. Between September 2021 and May 2022, Respondent realized net profits of approximately $73 million through its sale of LUNA. Pursuant to its settlement with the Commission, Respondent agreed to disgorge the entire $73 million, as well as nearly $13 million in prejudgment interest. Additionally, Respondent agreed to pay a penalty equal to half of its disgorgement, or nearly $34 million. Therefore, between [redacted] when Claimant became aware of the relevant facts and [redacted] when he/she reported to the Commission, the measure of disgorgement grew from $0 to $73 million, and the penalty amount grew commensurately.

Given the magnitude of investor harm, the significant growth in ill-gotten gains and related monetary sanctions during the period of delay, and the Commission's interest in receiving timely tips, we conclude that a [redacted] percent ([redacted]%) award is appropriate.

### B. Claimant 2

After considering the administrative record, including Claimant 2's response to the Preliminary Summary Disposition, we deny Claimant 2's award application because Claimant 2's information did not lead to the successful enforcement of the Covered Action under Exchange Act Rule 21F-4(c). Rules 21F-4(c)(1) and (c)(2) specify that to lead to the success of a Commission action, a whistleblower's information must have (1) caused staff to open an investigation, reopen a closed investigation, or to inquire into different conduct as part of a current investigation or (2) "significantly contributed to the success of the action"[3] if the whistleblower provided information about conduct that was already under investigation.

---

[3] In determining whether the information "significantly contributed" to the success of the action, the Commission will consider whether the information was "meaningful" in that it "made a substantial and important contribution" to the success of the covered action. For example, the Commission will consider a claimant's information to have

Here, the record demonstrates that the Covered Action Investigation was opened based on information from sources other than Claimant 2. Moreover, the record further shows Claimant 2's information did not cause staff to inquire into different conduct as part of the Covered Action Investigation, nor did Claimant 2's information significantly contribute to the success of the Covered Action. Indeed, staff on the Covered Action Investigation never received or reviewed Claimant 2's information and never communicated with Claimant 2 during the Covered Action Investigation, nor did the Commission use any of Claimant 2's information in the Covered Action.

In his/her response, Claimant 2 does not dispute that he/she never communicated with staff on the Covered Action Investigation. Instead, Claimant 2 largely relies on information and assistance he/she provided in support of the Other Action to demonstrate that his/her information led to the success of the Covered Action. We disagree that Claimant 2's contributions in the Other Action contributed to the success of the Covered Action. The record demonstrates that there were two distinct investigations—the Covered Action Investigation and the investigation into the Other Company (the "Other Investigation"). The Covered Action Investigation was not conducted by the same staff as in the Other Investigation, although there was some overlap in supervision. Therefore, the information Claimant 2 shared with staff on the Other Investigation played no role in the Covered Action Investigation.

Additionally, the information in Claimant 2's TCR submissions, which, as mentioned above, staff on the Covered Action Investigation never received or reviewed, did not relate to the conduct under investigation in the Covered Action Investigation. Claimant 2's submissions never mentioned Respondent or its parent company, Jump Trading LLC. Instead, Claimant 2's submission alleged a distinct fraud committed by the Other Company concerning the Other Company's business dealings with Claimant 2's employer, Chai Corporation ("Claimant 2's Employer"), which was not related to Respondent. Therefore, contrary to Claimant 2's contention that his/her information exposed the fraud at the center of the Covered Action, we conclude that the fraud Claimant 2 alleged was not the same as the fraud alleged in the Covered Action. Indeed, the Covered Action never mentioned Claimant 2's Employer or the Other Company's business dealings with Claimant 2's Employer.

To the extent there was overlap between the Covered Action and the Other Action, that overlap pertained to conduct that was distinct from the conduct Claimant 2 alleged. And regardless of whether Respondent's fraud interacted with the blockchain fraud Claimant 2 alleged, as Claimant 2 argues, this information did not further the Covered Action Investigation

---

significantly contributed to the success of an enforcement action if it allowed the Commission to bring the action in significantly less time or with significantly fewer resources, or to bring additional successful claims or successful claims against additional individuals or entities. Order Determining Whistleblower Award Claims, Exchange Act Rel. No. 90922 (Jan. 14, 2021) at 4; *see also* Order Determining Whistleblower Award Claims, Exchange Act Rel. No. 85412 (Mar. 26, 2019) at 9 (same).

(indeed, staff on the Covered Action Investigation never received Claimant 2's information) and the Commission did not use this information in the Covered Action. Therefore, Claimant 2's information concerning this blockchain fraud did not "significantly contribute" to the Covered Action. We therefore conclude that Claimant 2's information did not lead to the success of the Covered Action and, as such, Claimant 2 is not eligible for an award.[4]

## III. Conclusion

Accordingly, it is hereby ORDERED that Claimant 1 shall receive an award of [redacted] percent ([redacted]%) of the monetary sanctions collected in the Covered Action, and the whistleblower application of Claimant 2 in connection with the Covered Action be, and hereby is, denied.

By the Commission.

Vanessa A. Countryman
Secretary

[4] We also decline to grant Claimant 2's request for certain additional materials because those materials are not part of the administrative record, as defined in Rule 21F-12. *See* Order Determining Whistleblower Award Claims, Release No. 99230 (Dec. 22, 2023) (claimant not entitled to extra-record materials); Order Determining Whistleblower Award Claims, Release No. 97438 (May 5, 2023) (same).