**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

JOHN DOE,

Petitioner,

v.

THE SECURITIES AND EXCHANGE COMMISSION,

Respondent.

Case No. 26-1300

**Petitioner's Motion for Leave to Proceed Under A Pseudonym and for an Order Providing for the Filing Under Seal of Any Information that Might Tend to Reveal Petitioner's Identity**

## **Memorandum**

Petitioner, Claimant 2, whose identity is being separately disclosed to the Court under Addendum 1 to the Petition for Review ("Petitioner"), moves for leave to proceed under a pseudonym, and for an order providing for the filing under seal of any information that could tend to reveal Petitioner's identity. The basis for this motion, which is set out in more detail below, is that Petitioner's appeal relates to a whistleblower matter before the Securities and Exchange Commission (the "SEC") to which Petitioner is a party, and that the statute and regulations governing those proceedings require that whistleblowers' identities be kept confidential.

## I. BACKGROUND

Petitioner has provided information to the SEC under its whistleblower program, which is established and governed by § 922 of the Dodd-Frank Act (15 U.S.C. § 78u-6), and by the SEC's rules implementing that provision, 17 C.F.R. §§ 240.21F-1 *et seq.* Petitioner subsequently filed a claim with the SEC seeking a whistleblower award with respect to the information that Petitioner provided, as is permitted under 15 U.S.C. § 78u-6(b)(1); *see id.* § 78u-6(a)(1). The SEC issued a final order denying that award claim, attached hereto as Exhibit 1 (redacted as required), for which Petitioner seeks review pursuant to 17 C.F.R. § 240.21F-13(a) in Petitioner's concurrently filed Petition for Review. The purpose of this motion is to seek leave for Petitioner to proceed under a pseudonym in this Court and to request an order providing for the filing under seal and to establish procedures for the filing under seal of any information that could tend to reveal Petitioner's identity.

## II. ARGUMENT

The statute establishing the SEC's whistleblower program requires the Commission to keep whistleblowers' identities confidential:

> Except as provided in subparagraphs (B) and (C) [which are irrelevant here], the Commission and any officer or employee of the Commission shall not disclose any information, including information provided by a whistleblower to the Commission, which could reasonably be expected to reveal the identity of a whistleblower, except in accordance with the provisions of section

> 552a of title 5, unless and until required to be disclosed to a defendant or respondent in connection with a public proceeding instituted by the Commission or any entity described in subparagraph (C).

15 U.S.C. § 78u-6(h)(2)(A). This duty to keep whistleblowers' identities confidential is also reflected in the SEC's regulations governing the whistleblower program. 17 C.F.R. § 240.21F-7. Additionally, Circuit Rule 47.1(a) provides, "Any portion of the record that was placed under seal in the district court or before an agency remains under seal in this court unless otherwise ordered."

In view of the statute and regulations cited above, all information that could reasonably be expected to reveal Petitioner's identity was placed under seal before the SEC. As a result, Rule 47.1 requires that all such information remain under seal in this Court. It is appropriate for this Court to keep information that might identify Petitioner under seal given that such information is required by statute to be kept confidential by the SEC. That protection would be rendered meaningless if it did not extend to judicial proceedings seeking review of the SEC's decision. Thus, this Court should give effect to Congress's policy judgment that whistleblowers' identities should be kept confidential.

## III. CONCLUSION

For these reasons, the Court should grant relief as follows:

1. Leave should be granted for Petitioner to proceed in this Court under a pseudonym;

2. The Court should direct that Petitioner's name and other identifying information not appear anywhere on the Court's publicly-available docket or in any publicly-available document issued by the Court;

3. The Court should order that all filings containing information that might tend to identify Petitioner be filed under seal; and

4. The Court should order that within three business days after the filing of any paper under seal, a redacted copy of the paper (prepared in accordance with the requirements of Circuit Rule 47.1(d)(1)) be electronically filed on the public docket.

Dated: October 26, 2026

Respectfully submitted,

*/s/ Todd E. Phillips*

Todd E. Phillips (D.C. Bar #54340)
Alec G. Schwartz (D.C. Bar # 65716)
CAPLIN & DRYSDALE, CHARTERED
1200 New Hampshire Ave. NW, 8th Floor
Washington, D.C. 20036
Telephone: (202) 862-5000
tphillips@capdale.com
aschwartz@capdale.com

Rachel L. Fiset (*pro hac vice forthcoming*)

William M. Odom (*pro hac vice forthcoming*)
RFZ LAW LLP
315 W. 9th Street, Suite 1200
Los Angeles, CA 90015
Telephone: (213) 266-5170
rachel.fiset@rfzllp.com
william.odom@rfzllp.com

*Attorneys for Petitioner*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 646 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: October 26, 2026

Respectfully submitted,

*/s/ Todd E. Phillips*

Todd E. Phillips (D.C. Bar #54340)
Alec G. Schwartz (D.C. Bar # 65716)
CAPLIN & DRYSDALE, CHARTERED
1200 New Hampshire Ave. NW, 8th Floor
Washington, D.C. 20036
Telephone: (202) 862-5000
tphillips@capdale.com
aschwartz@capdale.com

Rachel L. Fiset (*pro hac vice forthcoming*)
William M. Odom (*pro hac vice forthcoming*)
RFZ LAW LLP
315 W. 9th Street, Suite 1200
Los Angeles, CA 90015
Telephone: (213) 266-5170

rachel.fiset@rfzllp.com
william.odom@rfzllp.com

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 26th day of October, 2026, the foregoing Petitioner's Motion for Leave to Proceed Under A Pseudonym and for an Order Providing for the Filing Under Seal of Any Information that Might Tend to Reveal Petitioner's Identity was served on the following interested parties by first class U.S. mail:

Office of the General Counsel
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549

Jonathan Carr, Esq.
Chief Office of the Whistleblower
Securities and Exchange Commission
100 F Street NE, Mail Stop 5628
Washington, DC 20549

Dated: October 26, 2026

Respectfully submitted,

*/s/ Todd E. Phillips*

Todd E. Phillips (D.C. Bar #54340)
Alec G. Schwartz (D.C. Bar # 65716)
CAPLIN & DRYSDALE, CHARTERED
1200 New Hampshire Ave. NW, 8th Floor
Washington, D.C. 20036
Telephone: (202) 862-5000
tphillips@capdale.com
aschwartz@capdale.com

Rachel L. Fiset (*pro hac vice forthcoming*)
William M. Odom (*pro hac vice forthcoming*)
RFZ LAW LLP
315 W. 9th Street, Suite 1200
Los Angeles, CA 90015
Telephone: (213) 266-5170
rachel.fiset@rfzllp.com
william.odom@rfzllp.com

*Attorneys for Petitioner*